*168 OPINION.
Trammell:
The sole question in this case is whether or not the petitioner is entitled to a deduction from income for 1924 on account of the loss by theft of the jewelry described in our findings of fact above. The respondent disallowed the claimed deduction on the ground that the jewelry was purchased by the petitioner and was given by him to his wife, and hence was her property. The petitioner alleges, and so testified unequivocally, that he purchased the jewelry partly as a sound investment, but also with the intention of leaving it to his son and having it remain indefinitely in his family. While the petitioner admits that his wife had the unrestricted use of the jewelry at any times she desired, he denies most emphatically that he gave it to her or to anyone else.
A gift is a valid transfer of property from one to another without consideration or compensation therefor. The essential elements of a gift are an intention to give a transfer of title or delivery, and an acceptance by the donee. Estate of David B. Daly, 3 B. T. A. 1042. It is elemental to say that delivery alone is not sufficient to constitute a valid gift. There must also be the present intention that the prop *169 erty delivered shall be the property of the donee. Frank J. Vlchek, 7 B. T. A. 1244.
The respondent urges in effect that the intention of the petitioner to give the jewelry in question to his wife may be inferred from the character of the articles and the common practices and experiences of men in similar situations; in other words, that from the circumstances we must infer that the petitioner intended the jewelry as gifts to his wife, notwithstanding his positive testimony to the contrary. The contention of the respondent is, in our opinion, sufficiently refuted by the very definite testimony of the petitioner, which testimony stands unimpeached and uncontroverted. Certainly we can not say that the petitioner’s testimony is incredible, or that he is unworthy of belief. On the contrary, the petitioner has, we think, given a reasonably satisfactory explanation of what might otherwise be regarded as an unusual situation.
We have found that the jewelry involved here 'was the personal property of the petitioner. Accordingly, in redetermining the deficiency, an additional deduction will be allowed in the amount of $41,900.

Judgment will be entered under Rule 50.